UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



LEWIS J. DOWDY, #324758,

    Petitioner,

v.                                 ACTION NO. 2:10cv457

JAMES W. STEWART, III,
Commissioner of the Virginia
Department of Behavioral Health
and Developmental Services,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED and Petitioner's claims be dismissed WITHOUT

---

[1] The Court exercises its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases to apply those Rules to this Section 2241 petition.

PREJUDICE.[2]

## I. STATEMENT OF THE CASE

### A. Background

Petitioner, Lewis J. Dowdy ("Dowdy"), was convicted in Montgomery County Circuit Court of aggravated sexual battery pursuant to Virginia Code § 18.2-67.3(A)(1). Dowdy was sentenced to five years incarceration with three years and six months suspended. The final order for his conviction was entered on January 19, 2007.

On February 2, 2009, the Commonwealth filed a petition in the Montgomery County Circuit Court to civilly commit Dowdy pursuant to the Civil Commitment of Sexually Violent Predators Act ("Civil Commitment Act"), Va. Code § 37.2-900 et seq. Following a December 10, 2009, jury trial, Dowdy was found to be a sexually violent predator and the trial court civilly committed Dowdy to the Virginia Center for Behavioral Rehabilitation for in-patient treatment.

---

[2] This matter is before the Court on a Petition and Answer. Neither the Petitioner nor the Respondent requested an evidentiary hearing and the Court FINDS that an evidentiary hearing is not necessary after reviewing the evidence submitted by the parties. Although the Respondent included a request that the Court dismiss the petition within the Answer to the Petition, the Court will dispose with the Petition by making findings and conclusions pursuant to Federal Rule of Civil Procedure 52(a), made applicable to these proceedings by Rule 12 of the Rules Governing Section 2254 Cases.

On March 22, 2010, Dowdy filed a notice of appeal with the Court of Appeals of Virginia. The matter was subsequently transferred to the Virginia Supreme Court. On April 12, 2010, the Virginia Supreme Court gave Dowdy thirty (30) days to file a petition for appeal. On May 17, 2010, four days after Dowdy's petition for appeal was to be filed with the court, Travis H. Epes, Dowdy's counsel, filed the following documents: (1) petition for appeal; (2) motion requesting extension of time for perfecting appeal;[3] (3) motion and supporting memorandum requesting leave to withdraw as counsel; and (4) motion requesting an extension of time for Dowdy to file a pro se petition on his own behalf.

On July 23, 2010, the Virginia Supreme Court dismissed Dowdy's petition for appeal, noting that it was not timely filed and denying the motion for an extension. On August 7, 2010, Dowdy mailed a motion requesting a re-hearing of the court's decision to dismiss his petition for appeal. This motion was denied by the Virginia Supreme Court on August 31, 2010. The court noted that Dowdy had fourteen (14) days from dismissal of his petition to file a motion for re-hearing. This deadline expired on August 6, 2010, one day before Dowdy mailed his motion.

---

[3] In his motion for an extension of time, Epes indicated that a local power outage on May 11, 2010, prevented him from filing a timely petition for appeal.

On September 16, 2010, Dowdy filed a pro se petition seeking habeas corpus relief under 28 U.S.C. § 2241 with this Court.[4] (ECF No. 1.) On October 6, 2010, Dowdy filed a motion for appointment of counsel. (ECF No. 7.) On November 9, 2010, the Court ordered that the petition be filed and ordered the Respondent to file an answer within thirty (30) days. (ECF No. 11.) Respondent filed his Answer to Petitioner's Writ of Habeas Corpus on December 9, 2010. (ECF No. 13.) In his Answer, Respondent asked the Court to dismiss Dowdy's petition without prejudice for failure to exhaust.

Construing Respondent's Answer as potentially a dispositive motion to dismiss, this Court ordered the Respondent to comply with Local Civil Rule 7(K) and file a Roseboro notice within ten (10) days of the Court's order.[5] (ECF No. 14.) That same day, the Respondent filed the appropriate Roseboro notice. (ECF No. 15).

---

[4] The Fourth Circuit upheld a magistrate judge's determination that a petition for habeas corpus related to civil commitment under the South Carolina Sexually Violent Predator Act should be characterized as a petition under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. Gaster v. SC Dept. of Corrections, 67 Fed. App'x 821, 821 (4th Cir. 2003)(per curiam); see also Jordan v. McMaster, No. 8:09-51, 2010 U.S. Dist. LEXIS 7626, at *3 (D.S.C. Jan. 29, 2010).

[5] Local Rule 7(K) states: "It shall be the obligation of counsel for any party who files any dispositive or partially dispositive motion addressed to a party who is appearing in the action without counsel to attach to or include at the foot of the motion a warning consistent with the requirements of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)."

On December 23, 2010, Dowdy filed a response to Respondent's answer, (ECF No. 16), and a motion for default judgment premised on Respondent's failure to include a <u>Roseboro</u> notice in its originally filed answer. (ECF No. 17.) On January 10, 2011, Respondent filed a response to Dowdy's motion for default judgment. (ECF No. 19.) Due to the fact that this response was not timely filed, Respondent filed a Motion for Leave of Court To File Response to Petitioner's Motion for Entry in Default Judgment on January 12, 2011. (ECF No. 20.)

## B. Grounds Alleged

The Court has construed Dowdy's petitions and pleadings to assert that his civil commitment is unlawful on the following grounds:

> (1) That the Civil Commitment Act is unconstitutional, facially and as applied to Dowdy. Dowdy asserts, inter alia, that the Act is an ex post facto law, a bill of attainder, and subjects him to both slavery and double jeopardy in violation of the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments to the Constitution.
>
> (2) That the trial court erred in finding that Dowdy fell within the definition of a "sexually violent predator," as stated in Va. Code § 37.2-900.
>
> (3) That the Commonwealth, throughout the civil commitment proceeding, violated Dowdy's due process rights when it improperly introduced unsubstantiated prior bad acts attributable to Dowdy and thereby tainted the jury. Further, that the trial court judge erred in failing to instruct the jury to disregard this evidence.

(4) That Dowdy's present confinement violates the terms of the Civil Commitment Act. Specifically, Dowdy states that he is not being "segregated by sight and sound at all times from prisoners in the custody of a correctional facility," as required by the Act. Va. Code § 37.2-900(A).[6]

(5) That Dowdy's appellate counsel was ineffective for failing to perfect his appeal before the Virginia Supreme Court.

## II. MOTION TO APPOINT COUNSEL

As a preliminary matter, the Court will address Dowdy's request to appoint counsel. (ECF No. 7.) There is no right to counsel for state prisoners seeking habeas corpus relief in the federal courts in non-death penalty cases. See McCleskey v. Zant, 499 U.S. 467, 495 (1991) ("Nor does it imply that there is a constitutional right to counsel in federal habeas corpus."); Penn. v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Petitioner has not provided the Court with any recognized basis for appointment of counsel in this case. Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." The Court declines to make such a finding

---

[6] The Court notes that this claim is not cognizable under federal habeas review because Dowdy is not challenging the "invalidity of confinement or its duration." Gaskins v. Johnson, 443 F. Supp. 2d 800, 803 (E.D. Va. 2006) (citing Wilkinson v. Dotson, 544 U.S. 74, 82, (2005)).

in this case. Therefore, it is ORDERED that Dowdy's request to appoint counsel is DENIED.

### III. <u>MOTION FOR LEAVE OF COURT TO FILE RESPONSE</u>

On December 23, 2010, Dowdy filed a motion for default judgment premised on Respondent's failure to include a <u>Roseboro</u> notice in its originally filed answer to Dowdy's habeas petition. (ECF No. 17.) On January 10, 2011, Respondent filed a response to Dowdy's motion for default judgment. (ECF No. 19.) Under Local Rule 7(F)(1), Respondent's deadline for filing a response was January 6, 2011, and therefore the response was untimely. Respondent filed a Motion for Leave of Court To File Response to Petitioner's Motion for Entry in Default Judgment on January 12, 2011. (ECF No. 20.)

In its motion seeking leave of court, Respondent states that he was delayed in receiving Dowdy's motion for default judgment until January 6, 2011. Respondent filed its response only two business days later on January 10, 2011. Therefore, for good cause shown, the motion for an extension of time is GRANTED. Respondent's Motion for Leave of Court To File Response to Petitioner's Motion for Entry in Default Judgment, (ECF No. 20), shall be deemed timely filed.

### IV. <u>MOTION FOR DEFAULT JUDGMENT</u>

Dowdy asks this Court to grant him default judgment on the

basis of an alleged failure by Respondent to properly serve its motion to dismiss. Specifically, Dowdy seeks default judgment due to Respondent's failure to include a Roseboro notice with its Answer, which asked this Court to dismiss Dowdy's petition. (ECF No. 13.)

Initially, this Court notes that default judgments are not available in habeas actions as they are in other civil proceedings.[7] See Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims in a petition for habeas corpus does not entitle the petitioner to a default judgment"); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases.").

Moreover, Respondent is not in default. Respondent's deficiency was first identified by this Court in an order directing the Respondent to comply with Local Civil Rule 7(K) and file a Roseboro notice within ten (10) days of the Court's order. (ECF No. 14.) That same day, the Respondent filed the appropriate Roseboro notice. (ECF No. 15). Therefore, Respondent fully and promptly complied with the Court's order. Dowdy's Motion for Default Judgment, (ECF No. 17), is DENIED.

---

[7] Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

## V. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Dowdy's habeas petition, because the Court FINDS that Dowdy has failed to exhaust his state court remedies.

### A. Exhaustion of Claims

Generally, in order for the Court to address the merits of a habeas petition, all of the claims contained in the petition must be exhausted. 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). To be considered exhausted, the claim must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted), cert. denied, 522 U.S. 833 (1997).

Turning to the present petition, Respondent asserts that

Dowdy has failed to properly exhaust any of the various claims presented in his federal habeas petition. State court records indicate that Dowdy's only attempt at exhaustion was his direct appeal to the Virginia Supreme Court. Dowdy's petition for appeal to the Virginia Supreme Court raised the following question: "Whether the ends of justice require that Appellant's sexually violent predator determination be reversed because the Appellant did not receive a fair trial in violation of his constitutional rights to due process." (Pet'r's Pet. for Appeal 2.) Dowdy's instant petition, as construed by this Court in Ground 3, has raised a substantially similar issue for federal review. However, the Virginia Supreme Court dismissed Dowdy's state petition as untimely filed. By dismissing the petition on a procedural technicality, the state court never reached the merits of the appeal. Accordingly, the substantive grounds of his direct appeal were not "fairly presented" to the state court for exhaustion purposes. Dowdy's remaining claims have likewise never seen state court review as they were not raised in his failed direct review and have not been presented in any state post-conviction habeas proceeding. Accordingly, the Court FINDS that Dowdy's claims are not exhausted.

### B. Procedural Default

Having found that Dowdy has failed to properly exhaust any

of his claims in the instant petition, this Court must determine whether it is possible for Dowdy to return to state court to exhaust his claims. If Dowdy is incapable of obtaining state court review, this Court must treat his claims as technically exhausted. See Matthews, 105 F.3d at 911 ("[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court." (citations omitted)).

The reasoning that labels certain claims as technically exhausted, however, also bars them from this Court's review. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted [, and simultaneously procedurally defaulted,] if it is clear that the claim would be procedurally barred under state law if the petitioner [now] attempted to present it to the state court."). Under the well-established doctrine of procedural default, a federal habeas court may not review a claim that is "clearly and expressly defaulted under an independent and adequate state procedural rule" unless the prisoner can demonstrate "cause for the default and prejudice resulting therefrom or demonstrate that a failure to consider the claims will result in a fundamental miscarriage

of justice." Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). The Fourth Circuit has held that a state statute that limits the period of filing is an "adequate and independent state ground," and may bar federal habeas review of the claims. Id.; Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997).

In the instant petition, this Court notes that Dowdy's only remaining avenue for state court review is by means of a state habeas corpus petition. Dowdy's direct appeal to the Virginia Supreme Court was summarily dismissed and his motion for rehearing denied. Under Virginia law, "[a] petition for writ of habeas corpus ad subjiciendum, other than a petition challenging a criminal conviction or sentence, shall be brought within one year after the cause of action accrues." Va. Code § 8.01-654(A)(2). The cause of action for Ground 5, Dowdy's ineffective assistance of counsel claim, did not accrue until the Virginia Supreme Court dismissed his petition for appeal on July 23, 2010. Therefore, the deadline on this claim for state habeas review will expire on July 23, 2011. Thus, Dowdy still has an opportunity to properly exhaust this claim.

Dowdy's other claims require a separate analysis. Grounds 1 thru 3 of Dowdy's federal petition allege that his confinement pursuant to the civil commitment judgment entered against him is unlawful under federal law. Accordingly, Dowdy had one year from

his civil commitment on December 10, 2009, to file a habeas petition stating these grounds.[8] This time period expired on December 10, 2010, and thus Dowdy cannot exhaust these claims in a state habeas petition under Virginia's applicable statute of limitations. Ordinarily, this Court would find that Grounds 1-3 are procedurally defaulted and barred from review in a federal petition.

The procedural history of this petition and Virginia Supreme Court precedent, however, present a unique situation and give this Court reason to believe that Dowdy may still be able to exhaust some, if not all, of the claims stated in Grounds 1-4 in a state court proceeding. In <u>Jenkins v. Dir. of Va. Ctr. for Behavioral Rehab.</u>, 624 S.E.2d 453 (Va. 2006), the Virginia Supreme Court was faced with a petitioner who had filed a state habeas petition challenging his civil commitment as a sexually violent predator. The petition alleged that the ineffective assistance of the petitioner's trial counsel resulted in the failure to perfect the direct appeal of the civil commitment order. In <u>Jenkins</u>, counsel had failed to timely file trial

---

[8] If Dowdy was challenging a criminal conviction the time period for filing a habeas petition would have begun to toll from the final disposition of his direct appeal. Va. Code § 8.01-654(A)(2). However, because Dowdy is not challenging a criminal conviction the time period began when the cause of action alleged in the petition accrued.

transcripts and the Virginia Supreme Court summarily dismissed the petition for appeal. Id. at 455-56. In addressing the ineffective assistance of counsel claim, the Virginia Supreme Court placed the proceeding on its privileged docket and ultimately granted the writ. The court held that a person subject to involuntary civil commitment "has a constitutional right to effective assistance of counsel during the proceeding in which he was adjudicated a sexually violent predator, and on appeal from that adjudication." Id. at 460. The court also stated:

> When ruling on a habeas petition asserting a claim of ineffective assistance of counsel for failing to perfect an appeal, it is not an efficient use of judicial resources for this Court to examine the merits of a petitioner's grounds of appeal in order to determine whether the petitioner satisfied the prejudice prong of the Strickland test. It is better to grant a belated appeal and then permit the appellate court to consider petitioner's claims of trial error.

Id. at 462. The Jenkins court awarded a belated appeal but noted that the petitioner would remain civilly confined pending his appeal and any statutory reviews set forth by the terms of his confinement. Id.

Dowdy's instant petition before this Court presents a nearly identical procedural posture as Jenkins. Dowdy's appellate counsel failed to timely file his petition for appeal, and the

14

Virginia Supreme Court summarily dismissed the petition. Assuming Dowdy files a state habeas corpus petition raising his ineffective assistance claim by July 23, 2011, Dowdy may be entitled to a belated appeal by the Virginia Supreme Court.

Accordingly, this Court finds that the principles of comity and federalism which underlie the exhaustion requirements of federal habeas review are best served by dismissing Dowdy's entire petition without prejudice. See Smith v. Dixon, 14 F.3d 956, 963 (4th Cir. 1994). The scope of any belated appeal which could potentially be granted by the Virginia Supreme Court would be determined by that court. Any claims presented in a belated appeal might then be properly exhausted if Dowdy raises them in a subsequent federal habeas corpus petition. See Pruett, 771 F. Supp. at 1436 (stating that exhaustion is satisfied whenever grounds alleged were previously advanced before the highest state court). Furthermore, Dowdy's ability to file a second federal petition can be preserved under the statute of limitations[9] and

---

[9] The statute of limitations for federal habeas corpus actions states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct

15

tolling provisions[10] that guide federal habeas review. Based on the foregoing, the Court FINDS that Dowdy's claims are not procedurally defaulted at this time.

## VI. RECOMMENDATION

For the foregoing reasons, the Court, having found that Dowdy's claims are not exhausted, RECOMMENDS that Dowdy's petition for a writ of habeas corpus be DENIED and that all of Dowdy's claims be DISMISSED WITHOUT PREJUDICE.

Dowdy failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2233(c)(2) Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## VII. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with

---

review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

[10] The one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

16

the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140, 153-54 (1985); Carr v. Hutto, 737 F.2d 433, 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ _____
United States Magistrate Judge

Norfolk, Virginia
May 4, 2011

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

LEWIS J. DOWDY, #324758
Virginia Ctr. for Behavioral Rehabilitation Services
4901 E. Patrick Henry Hwy.
Burkeville, Virginia 23922
PRO SE

Susan F. Barr, Esq.
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,

Clerk of Court

By: /s/ Deputy Clerk

May 5, 2016